. Tieghman C. J.
delivered the opinion of the Court.
This action was brought by Andrew Hershey against Jacob Hershey, for the recovery of two thousand one hundred dollars, paid by the plaintiff to the defendant, on account of the purchase money of an undivided moiety of a tract of land, which the plaintiff had agreed to purchase of the defendant, on a condition which had not been performed; in consequence of which, the plaintiff considered the contract as void. There was no positive proof of the contract. Such as it was, it was made by parol, when no third person was present. The evidence on both sides, consisted of the subsequent acts and declarations of the parties, from which the contract was to be inferred. It appeared pretty clearly, that there was a condition annexed to the contract j but, whether that condition was precedent or subsequent, was not so clear. This condition was, that a certain road, described by the witnesses, should be laid out by order of the Court of Quarter Sessions of Lancaster county. But, it was never laid out, the Court having rejected the petition. It was proved, that soon after the making of the contract, the plaintiff went into possession, paid, at different times, two thousand one hundred dollars, on account of the consideration money, and was at some expense in the erection of buildings. But, after the final decision of the Court, by which the petition for the road was dismissed, the plaintiff declared that the contract was. void, the condition not having been performed. This was one of those contracts, made at a time when real estate was estimated far above its value, and the market price had fallen, *334 between the making of the contract, and the plaintiff’s declaration that he considered it as void. In the course of the trial, the plaintiff’s counsel proposed eight points, on which they requested that the Court would charge the jury. A charge was delivered by the President, in which he differed from his associate, and on the correctness of the President’s opinion, the cause now depends. The eight points may be reduced to a much smaller number ; as the same proposition in substance, seems to have been offered under various forms. There were in truth but two questions which could be made. 1st.'What was the condition of the contract? 2d. Had that condition been dispensed with ? These were very much questions of fact. At least, it may be said, that when the facts were ascertained, there could be no difficulty as to the law. If the agreement was, that the plaintiff should purchase of the defendant, on condition that a certain road should be laid out before he should have any interest in the land, that' would be a condition precedent. But, if it was, that the plaintiff should purchase and go into- possession, on condition that the contract should be void, unless the road should be afterwards laid out, that would be a condition subsequent. If the condition was precedent, it might be dispensed with by the purchaser, for whose benefit it was introduced. ‘ The difficulty in the cause was, to determine whether the condition was precedent or subsequent. For, if it was precedent, the conduct of the plaintiff, in making several payments, and taking possession, was strong evidence that the condition was dispensed with. But, if the condition was subsequent, no conclusion injurious to the plaintiff could be drawn from these acts, because, they would have been no way inconsistent with the subsequent avoidance of the contract. I have considered the questions proposed to the Court, and the answers of the President, with that inclination which I always feel to affirm a judgment, after a trial of the merits of the cause by a jury. But, it appears to me, that the jury may have been misled, from a supposition that they had no right to inquire into what was, in truth, the turning point of the cause, and a fact proper for their decision. I understand the J udge to have assumed, that the agreement for the sale of this land was on a condition precedent, and then to have instructed the jury, that the plaintiff’s entry into possession,, *335 payment of money, &c. were in law a waiver of the conlition. If so, the jury had nothing to try. If he had charged, that the first thing to be inquired of was, the nature of tile condition, and that being ascertained, if the jury were satisfied it was precedent, they might then consider the takitg possession, and payment of money, &c. by the plaintiff, asa Waiver of the condition, I do not see that any fault could te found with the charge. But, the expressions are these : “ F he agreed to become a joint-owner, on the condition that thi road should be laid out, it was what the law calls a conditior, precedent.” In construing this charge, we must apply it tc the evidence which has been placed on the record, and to the questions of law proposed by the counsel for the plaintiff, The sixth question is particularly to be attended to. Now, the plaintiff might have agreed to become a joint-owner, on condition that he might enter into possession, and avoid the contract, in case the road should not afterwards be laid out, and that would have been a condition subsequent. With all that liberality of construction, to which the Judge’s charge is entitled, it really does appear to me, that the fact which was the very hinge of the cause was taken from the jury. I agree, that the taking possession, and payment of money, in a case of this kind, where there is no positive proof of the contract, are powerful evidence, that the condition, whatever it was, had been dispensed with. But still, it is but evidence, subject to explanation, and the whole is matter of fact. I am of opinion, therefore, that there was error in submitting the cause to the jury in such a manner as might induce them to suppose, that the principal fact v/as matter of law, which had been decided by the Court.
Judgment reversed, and a venire facial de novo awarded.